### 2009 OK 35

In the Matter of REINSTATEMENT OF Paul D. HOGAN to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

#### No. SCBD 5435.

Supreme Court of Oklahoma.

May 26, 2009.

### ORDER

¶ 1 Paul D. Hogan petitions this Court for reinstatement as a member of the Oklahoma Bar Association. Upon consideration of the matter we find:

Petitioner is a resident of Kansas, and does not practice law in Oklahoma;

Petitioner has met all the procedural requirements necessary for reinstatement in the Oklahoma Bar Association as set out in Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, ch. 1, app. 1–A;

Petitioner has established by clear and convincing evidence that he has not engaged in the unauthorized practice of law in the State of Oklahoma;

Petitioner has established by clear and convincing evidence that he possesses the competency and learning in the law re-

quired for reinstatement to the Oklahoma Bar Association;

Petitioner has established by clear and convincing evidence that he possesses the good moral character, which entitles him to be reinstated to the Oklahoma Bar Association.

¶ 2 It is therefore ordered that the Petition for Reinstatement be granted.

¶ 3 It is further ordered that the Petitioner pay the costs associated with these proceedings in the amount of $937.67. The Oklahoma Bar Association acknowledges receipt of the costs incurred in the amount of $937.67.

CONCUR: EDMONDSON, C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, JJ.

DISSENT: TAYLOR, V.C.J., OPALA, COLBERT, REIF, JJ.

OPALA, J., dissenting from petitioner's unconditional reinstatement.

¶ 1 This is a proceeding for *de novo* review of a Professional Responsibility Tribunal's recommendation that **petition for reinstatement be conditionally granted.** The conditions are described in paragraphs 4 and 5 of the Trial Panel's report.

¶ 2 The Tribunal recommends (1) that "petitioner must agree [to] and more adequately disclose this restricted nature of the representation" he provides in prelitigation stage for clients injured in car wrecks and (2) that the General Counsel of the Oklahoma Bar Association be satisfied that petitioner has demonstrated "satisfactory knowledge of Rules 1.1, 1.2, 1.3, 7.1 and 7.2 of the Oklahoma Rules of Professional Conduct."

¶ 3 I would condition petitioner's reinstatement as an active member of the Bar in the manner proposed by the Trial Panel's Report.